**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **BOILING CRAB FRANCHISE CO., LLC,** | **CASE NO.:** |
| **PLAINTIFF,** | |
| **v.** | **DEMAND FOR JURY TRIAL** |
| **BOILING CRAWFISH, INC.,** | |
| **DEFENDANT.** | |

**PLAINTIFF'S COMPLAINT**
**(Injunction Relief Sought)**

Plaintiff Boiling Crab Franchise Co., LLC ("The Boiling Crab" or "Plaintiff"), for its complaint against defendant Boiling Crawfish, Inc. (collectively "Defendant"), alleges as follows:

**PARTIES**

1.      Boiling Crab Franchise Co., LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located in Garden Grove, California.  The Boiling Crab operates a chain of restaurants under the trademark THE BOILING CRAB®, which The Boiling Crab has used since at least as early as 2003, and offers restaurant services and related products and services under the trademark THE BOILING CRAB®.

2.      On information and belief, defendant Boiling Crawfish, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 5149 Normandy Blvd, Jacksonville, Florida 32205.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## JURISDICTION

3.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction over trademark actions), 28 U.S.C. § 1338(b) (unfair competition claim joined with a substantial and related claim under the trademark laws), and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* The Court also has supplemental jurisdiction over the claims arising out of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state law claims arise out of the same operative facts as the federal claims.  This Court has personal jurisdiction over Defendant because Defendant resides and does business in this district and jurisdiction. Personal jurisdiction is also proper over Defendant because Defendant sells and offers for sale goods and services, and otherwise conducts business, including the registration and use of the <boilingcrawfish.net> domain name, in Florida, including in this judicial district.

## VENUE

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because among other reasons, Defendant transact business within this district and offer for sale in this district goods and services in a manner that infringes The Boiling Crab's trademark rights.  In addition, The Boiling Crab has suffered harm in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTS COMMON TO ALL CLAIMS

### THE BOILING CRAB'S *THE BOILING CRAB*® CHAIN OF RESTAURANTS

5.      In 2003, The Boiling Crab, through its predecessor in interest, opened its first restaurant under the trademark THE BOILING CRAB® in California.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

6.      Based on the huge popularity and success of The Boiling Crab's THE BOILING CRAB® restaurants, The Boiling Crab has since expanded its chain of THE BOILING CRAB® restaurants to include locations throughout the western and southwestern United States, including 15 THE BOILING CRAB® restaurants in California and THE BOILING CRAB® restaurants in Houston, Texas; Las Vegas, Nevada; and Honolulu, Hawaii.  A true and correct copy of a picture of the exterior of one of The Boiling Crab's longest-operating THE BOILING CRAB® restaurants is attached hereto as Exhibit A.

7.      In December 2018, The Boiling Crab opened its first east coast location, in South Miami, Florida.  The Boiling Crab is also actively exploring further expansion of its chain of THE BOILING CRAB® restaurants to additional locations throughout the United States and internationally.

8.      The Boiling Crab's THE BOILING CRAB® restaurants offer a unique selection of Louisiana-style seafood, including blue crab, oysters, Dungeness crab, shrimp, and crawfish seasoned with THE BOILING CRAB® restaurants' distinctive blends of spices and seasonings. Customers of THE BOILING CRAB® restaurants are also treated to a singularly enjoyable dining experience that is characterized by the innovative food presentations, distinctive restaurant decor, unique menus, and one-of-a-kind dining experience pioneered and provided by The Boiling Crab's THE BOILING CRAB® restaurants.  True and correct copies of pictures of the inside of one of The Boiling Crab's THE BOILING CRAB® restaurants are attached hereto as Exhibit B.

9.      Further contributing to The Boiling Crab's distinctive appearance and appeal, The Boiling Crab's unique menus use a distinctive format, contain unique content, and are distinctively printed.  A true and correct copy of an example of THE BOILING CRAB® restaurants' unique

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

menu used around the time that Defendant began using its infringing trademark without authorization is attached hereto as <u>Exhibit C</u>.

10.     THE BOILING CRAB® chain of restaurants has become extremely well known and respected among consumers, who have come to associate The Boiling Crab's THE BOILING CRAB® trademark with The Boiling Crab's THE BOILING CRAB® restaurants and the one-of-a-kind dining experience that The Boiling Crab pioneered and provides.  The Boiling Crab's THE BOILING CRAB® restaurants have also received unsolicited attention from, and positive recognition by, the media, which has further contributed to consumers' widespread recognition of The Boiling Crab's THE BOILING CRAB® restaurants.

11.     Additionally, The Boiling Crab has expended considerable time, effort, and money promoting and advertising its chain of THE BOILING CRAB® restaurants, further contributing to the recognition and success of THE BOILING CRAB® chain of restaurants.  Today, The Boiling Crab continues to promote and advertise its THE BOILING CRAB® restaurants.

12.     The Boiling Crab has also used the trademark THE BOILING CRAB® extensively on the internet and, as a result, The Boiling Crab's THE BOILING CRAB® trademark has developed a strong internet presence and recognition by consumers who use the internet.  The Boiling Crab is the registrant of various domain names incorporating, in whole or in part, THE BOILING CRAB® trademark, including <theboilingcrab.com> and <boilingcrab.com>.  The Boiling Crab owns and operates a website at these domain names in order to promote, and provide consumers with information concerning, The Boiling Crab's chain of THE BOILING CRAB® restaurants.  The Boiling Crab's website makes extensive use of THE BOILING CRAB® trademark and embodies part of the unique look-and-feel of THE BOILING CRAB® dining

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

experience.  A true and correct copy of the home page of The Boiling Crab's website at www.theboilingcrab.com is attached hereto as <u>Exhibit D</u>.

13.     In addition to owning and operating a THE BOILING CRAB® website at www.theboilingcrab.com, The Boiling Crab also uses its trademark THE BOILING CRAB® extensively on the internet through the popular social networking sites Facebook (www.facebook.com/theboilingcrab), Twitter (twitter.com/theboilingcrab), YouTube (www.youtube.com/user/OfficialBoilingCrab), and Instagram (www.instagram.com/ boilingcrab/), among others.  In particular, The Boiling Crab maintains these active social media accounts in order to further promote its THE BOILING CRAB® trademark and to provide information about and promote its chain of THE BOILING CRAB® restaurants.  A true and correct copy of excerpts from the social media page maintained by The Boiling Crab on Facebook is attached hereto as <u>Exhibit E</u>.

14.     Through The Boiling Crab's extensive use, marketing, branding, and promotion of its THE BOILING CRAB® trademark and THE BOILING CRAB® chain of restaurants, its trademark THE BOILING CRAB® is recognized by consumers throughout the United States and around the world, enjoying substantial recognition, goodwill, and association with THE BOILING CRAB® restaurant chain.  The public distinguishes The Boiling Crab's goods and services from those of others who offer the same or similar goods and services on the basis of its trademark THE BOILING CRAB®.

**THE BOILING CRAB'S FEDERAL REGISTRATION OF ITS**
***THE BOILING CRAB* TRADEMARK**

15.     The Boiling Crab is the owner of the following United States Trademark Registrations for its THE BOILING CRAB® trademark:

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Mark | Registration No. | Goods & Services |
|---|---|---|
| THE BOILING CRAB | 3256219 | Restaurant Services |
|  | 4174077 | Restaurant Services |
| THE BOILING CRAB | 4491054 | Restaurant Services |
|  | 5374534 | Restaurant Services |

A true and correct copy of The Boiling Crab's federal trademark registrations for these marks are attached hereto as Exhibit F.

16.     The Boiling Crab's federal registration Nos. 3256219 and 4174077 for its THE BOILING CRAB® trademarks have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and constitute conclusive evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

17.     The Boiling Crab's federal registration Nos. 4491054 and 5374534 for its THE BOILING CRAB® trademarks constitute prima facie evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**DEFENDANT'S INFRINGEMENT OF THE BOILING CRAB'S**
**THE BOILING CRAB® TRADEMARK**

18.     On information and belief, Defendant was formed for the purposes of operating restaurants providing seafood using the identical concept pioneered and offered by The Boiling Crab's THE BOILING CRAB® restaurants.

19.     In or about 2013, long after The Boiling Crab first began using its THE BOILING CRAB® trademarks, Defendant opened and began operating a restaurant in Jacksonville, Florida that imitates in all material respects the name of The Boiling Crab's THE BOILING CRAB® restaurant chain. Most blatantly, in a clear effort to confuse consumers into thinking that Defendant are somehow associated or affiliated with The Boiling Crab's THE BOILING CRAB® chain of restaurants, Defendant closely imitated The Boiling Crab's THE BOILING CRAB® trademark by calling Defendant's restaurant "Boiling Crawfish" even though Defendant does not have any affiliation with, or authorization from, The Boiling Crab.  A true and correct copy of a picture of Defendant's infringing restaurant and unauthorized use of the infringing "Boiling Crawfish" mark is attached hereto as Exhibit G.

20.     Defendant also adopted and began using with its knock-off restaurant a "Boiling Crawfish" logo that featured the words "Boiling" and "Crawfish" arranged next to a red crawfish design.



21.     On information and belief, in or about 2016, Defendant opened and began operating a second restaurant in Jacksonville, Florida that also uses the "Boiling Crawfish" mark and logo

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

(collectively, the "Infringing Marks").  A true and correct copy of pictures of Defendant's second infringing restaurant is attached hereto as Exhibit H.

22.     Defendant also adopted and began using with its knock-off restaurant a seafood concept and menu that imitated The Boiling Crab's distinctive concept and menu.  True and correct copies of pictures of Defendant's menu showing the "Boiling Crawfish" mark and logo and showing a "Seafood by Pound" concept, seasoning, and spice level description imitating The Boiling Crab's menu concept and descriptions are attached hereto as Exhibit I.

23.     Defendant also created a "Boiling Crawfish" social media page on Facebook using the handle @boilingcrawfish and began using the page to promote and advertise the restaurant services Defendant were providing under the "Boiling Crawfish" mark and logo.  A true and correct copy of a screen shot of Defendant's Facebook page is attached hereto as Exhibit J.

24.     Defendant has also registered the domain name <boilingcrawfish.net> (the "Infringing Domain Name") and is using the domain to host a website promoting the restaurant services offered by Defendant under the infringing "Boiling Crawfish" mark.  A true and correct copy of a screen capture of Defendant's website at www.boilingcrawfish.net is attached hereto as Exhibit K.

25.     Defendant's use of the Infringing Marks for restaurant services is likely to cause confusion, mistake, and deception of consumers as to the source, quality, and nature of Defendant's services and goods, thereby proximately causing injury to The Boiling Crab and its trademark rights.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**DEFENDANT HAS IGNORED THE BOILING CRAB'S DEMANDS
THAT DEFENDANT STOP INFRINGING THE BOILING CRAB'S
*THE BOILING CRAB*® TRADEMARK**

26.     The Boiling Crab first became aware of Defendant and its unauthorized "Boiling Crawfish" mark and logo in the Fall of 2015, when The Boiling Crab discovered that Defendant had filed an application to register the mark BOILING CRAWFISH SEAFOOD RESTAURANT & SPORTS BAR & Design, Serial No. 86/378,306, with the U.S. Patent and Trademark Office in connection with *[r]estaurant and bar services, including restaurant carryout services* in Class 43. At the time, The Boiling Crab did not operate any restaurants in Florida or, for that matter, east of the Mississippi River.

27.     On October 29, 2015, counsel for The Boiling Crab sent a letter to Defendant objecting to Defendant's unauthorized use of the "Boiling Crawfish" mark and demanding, among other things, that Defendant stop using any trademark confusingly similar to The Boiling Crab's THE BOILING CRAB® marks and withdraw Defendant's pending application.

28.     Defendant did not respond or withdraw Defendant's pending application.

29.     Accordingly, on June 6, 2016, after Defendant's application registered as U.S. Registration No. 4930168, The Boiling Crab filed a petition with the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") to cancel Defendant's Registration No. 4930168 for the mark BOILING CRAWFISH SEAFOOD RESTAURANT & SPORTS BAR & Design, Cancellation No. 92063843, on the grounds of likelihood of confusion with The Boiling Crab's federally registered THE BOILING CRAB® marks.

30.     On September 13, 2016, the TTAB granted The Boiling Crab's petition to cancel Defendant's Registration No. 4930168 for the mark BOILING CRAWFISH SEAFOOD

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

RESTAURANT & SPORTS BAR & Design and, on September 15, 2016, the Commissioner for Trademarks ordered Defendant's Registration No. 4930168 cancelled.

31.     In December 2018, The Boiling Crab expanded its restaurants into Florida for the first time with the opening of a THE BOILING CRAB® restaurant in South Miami, Florida.

32.     On December 27, 2018, counsel for The Boiling Crab sent a letter to Defendant notifying Defendant that The Boiling Crab had expanded its THE BOILING CRAB® restaurants into Florida and demanding that Defendant immediately cease all use of the "Boiling Crawfish" name and mark, and any mark confusingly similar to The Boiling Crab's THE BOILING CRAB® marks.

33.     Despite The Boiling Crab's demands that Defendant stop its blatant infringement of The Boiling Crab's THE BOILING CRAB® trademark, Defendant has completely ignored The Boiling Crab's efforts to reach an informal resolution of this matter and continued, unabashedly, with its willful and intentional infringement of The Boiling Crab's THE BOILING CRAB® trademark.

## FIRST CLAIM FOR RELIEF

### (Infringement of a Federally Registered Trademark)

### 15 U.S.C. § 1114(1)

34.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 33, as if set forth fully herein.

35.     This claim is against Defendant for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.     The Infringing Marks used by Defendant are reproductions, counterfeits, copies, or colorable imitations of The Boiling Crab's registered THE BOILING CRAB® marks.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

37.     Defendant has used and is using in interstate commerce the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of restaurant services in such a way as is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

38.     The Boiling Crab never consented to or authorized Defendant's adoption or commercial use of the Infringing Marks for any purpose.  Defendant therefore has infringed and is infringing The Boiling Crab's THE BOILING CRAB® trademarks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

39.     Upon information and belief, The Boiling Crab alleges that, at all times relevant to this action, including when Defendant first adopted the Infringing Marks and commenced commercial use of the same in connection with restaurant services, Defendant knew of The Boiling Crab's prior adoption and widespread commercial use of THE BOILING CRAB® trademarks in connection with restaurant services and related goods and services and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks.  Defendant's infringement of The Boiling Crab's THE BOILING CRAB® trademark is willful and deliberate.

40.     The Boiling Crab has no control over the quality of Defendant's infringing restaurant services, and because of the source confusion engendered by Defendant's willful trademark infringement, The Boiling Crab's valuable goodwill in and to its federally registered THE BOILING CRAB® trademark is being significantly harmed.  Defendant's use of the Infringing Marks, in blatant imitation of The Boiling Crab's THE BOILING CRAB® trademarks, has caused, on information and belief, confusion, mistake, and deception to purchasers as to the source and origin of Defendant's services and products sold under the Infringing Marks.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

41.     Defendant's activities are intended, and are likely, to lead the public to conclude, incorrectly, that Defendant's restaurant services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its THE BOILING CRAB® brand, to the damage and harm of The Boiling Crab and the consuming public. Defendant's activities constitute willful and deliberate infringement of The Boiling Crab's federally registered trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(1).  Accordingly, The Boiling Crab is entitled to recover Defendant's profits, together with The Boiling Crab's damages, increased monetary recoveries as provided by the Lanham Act, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

42.     Defendant's activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's THE BOILING CRAB® trademarks are a unique and valuable property right that has no readily determinable market value; (ii) Defendant's infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as dilute the substantial value of The Boiling Crab's THE BOILING CRAB® name and trademarks; and (iii) Defendant's wrongful conduct, and the resulting damages to The Boiling Crab, are continuing. Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendant's possession, custody, or control that bear the Infringing Marks.

43.     The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendant's infringement of The Boiling Crab's federally registered THE BOILING CRAB® trademarks.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

44.     This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendant's willful trademark infringement, pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

### 15 U.S.C. § 1125(a)

45.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 44, as if set forth fully herein.

46.     This claim is against Defendant for trademark and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     The Boiling Crab's THE BOILING CRAB® trademarks are nonfunctional and inherently distinctive. They have acquired secondary meaning in the eyes of the public.

48.     Defendant's use of the Infringing Marks is so similar to The Boiling Crab's THE BOILING CRAB® marks that Defendant are likely to cause confusion, mistake, and/or to deceive the consuming public as to the affiliation, connection, and/or association between The Boiling Crab's THE BOILING CRAB® restaurants and Defendant's restaurant. Defendant's unauthorized use of THE BOILING CRAB® trademarks infringes The Boiling Crab's THE BOILING CRAB® trademarks, and constitutes unfair competition. Defendant's unauthorized use of the Infringing Marks also constitutes a false designation of origin of products and services.

49.     On information and belief, at all times relevant to this action, including at the time Defendant first adopted and began using without authorization the Infringing Marks, Defendant knew of The Boiling Crab's prior adoption and widespread commercial use of its THE BOILING

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

CRAB® marks, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks.  Defendant's infringement of The Boiling Crab's THE BOILING CRAB® trademarks is therefore knowing, willful, and deliberate.

50.     Defendant's activities are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendant's restaurant services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its chain of THE BOILING CRAB® restaurants, to the damage and harm of The Boiling Crab and the consuming public.  Defendant's activities constitute willful and deliberate infringement of The Boiling Crab's THE BOILING CRAB® trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a).  Accordingly, The Boiling Crab is entitled to recover Defendant's profits together with The Boiling Crab's damages, an increased monetary recovery, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

51.     Defendant's activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's rights in its THE BOILING CRAB® trademarks are unique and valuable property rights which have no readily determinable market value; (ii) Defendant's infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as harm the substantial value of The Boiling Crab's THE BOILING CRAB® trademarks; and (iii) Defendant's wrongful conduct, and the resulting damages to The Boiling Crab, are continuing. Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendant's possession, custody, or control that bear the Infringing Marks.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

52.     The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendant's infringement of The Boiling Crab's THE BOILING CRAB® trademarks.

53.     This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendant's willful trademark infringement, pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Under Florida Law)

54.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 53, as if set forth fully herein.

55.     Defendant's acts as detailed herein have impaired The Boiling Crab's goodwill, have created a likelihood of confusion, are likely to deceive consumers, and have otherwise adversely affected The Boiling Crab's business and reputation by Defendant's use of unfair, fraudulent, and unlawful business practices. These acts constitute unfair competition and unfair business practices under Florida common law.

56.     Absent injunctive relief, The Boiling Crab has no means by which to control Defendant's deceptive and confusing use of the Infringing Marks.  The Boiling Crab is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition.

57.     As a direct and proximate result of the aforesaid acts of unfair competition, Defendant have wrongfully profited and taken the benefit of The Boiling Crab's creativity and investment of time, energy, and money.  Defendant have also wrongfully taken monies from consumers as the result of the aforesaid acts of unfair competition.  Defendant should therefore be

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

ordered to perform full restitution, as permitted by law, as a consequence of its acts of unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement Under Florida Law)

58.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 57, as if set forth fully herein.

59.     Defendant's acts infringe The Boiling Crab's THE BOILING CRAB® trademarks. Defendant's acts have caused, and are likely to continue to cause, consumer confusion and injury to The Boiling Crab's business and reputation and to dilute the distinctive quality of The Boiling Crab's THE BOILING CRAB® trademarks, and constitute trademark infringement under Florida common law.  Defendant's acts have been and are the proximate cause of injury to The Boiling Crab.

60.     Absent injunctive relief, The Boiling Crab has no means to stop Defendant's continuing infringement of The Boiling Crab's THE BOILING CRAB® trademarks.  The Boiling Crab is therefore entitled to injunctive relief prohibiting Defendant from continuing the unlawful acts described herein. The Boiling Crab is also entitled to damages, Defendant's profits, punitive damages, an accounting, costs, attorneys' fees and other damages and monetary relief, all according to proof at trial.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 1.06, The Boiling Crab demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, The Boiling Crab prays for entry of a judgment ordering and declaring:

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1.      That, preliminarily pending trial of this action and permanently thereafter, Defendant and its agents, servants, employees, successors, licensees and assignees, and all persons, firms, entities, partners, or corporations in active concert or participation with Defendant, are preliminarily and thereafter permanently enjoined from doing, threatening, or attempting to do or causing to be done, either directly or indirectly, by any means, method or device, any of the following acts:

(a)      Directly or indirectly infringing, using, or displaying the trademark THE BOILING CRAB® or any mark similar thereto, including but not limited to the Infringing Marks, in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away any services or products which infringe, use, or display The Boiling Crab's THE BOILING CRAB® trademarks, or any marks similar thereto;

(b)      Using any term that is likely to be confused with The Boiling Crab's THE BOILING CRAB® trademarks;

(c)      Falsely representing, misleading, or deceiving consumers into believing that services or products advertised, promoted, produced, distributed, sold, or offered by sale by Defendant originate from The Boiling Crab or its THE BOILING CRAB® restaurants, or are sponsored, approved, licensed by, or associated with The Boiling Crab or its THE BOILING CRAB® restaurants, or that Defendant or its services or products are in some way associated or affiliated with The Boiling Crab or its THE BOILING CRAB® restaurants;

(d)      Committing any other acts calculated to or that do unfairly compete with The Boiling Crab in any manner;

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

(e)     Filing or prosecuting any trademark application for the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

(f)     Filing or maintaining any business license, d/b/a, or similar document using the trademark THE BOILING CRAB® or any mark confusingly similar thereto; and

(g)     Registering, using, or trafficking in any trade name or domain name containing or consisting of the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

2.     That Defendant be required to account for all profits derived by them from its trade, infringing conduct, unfair practices and competition, and for an order of restitution of the entire amount of those profits, in amounts to be proven at trial, to The Boiling Crab;

3.     That Defendant be required to turn over to be impounded during the pendency of this action all goods and other materials in its possession, custody, or control used or involved in the trademark infringement complained of herein, and to turn over for destruction all such goods and other materials, or in the alternative that all such items be subject to seizure;

4.     That Defendant be ordered to pay all of The Boiling Crab's attorneys' fees, costs, and disbursements incurred in this suit, in bringing this action for the legal enforcement of its trademark rights, and in connection with all efforts to stop Defendant's trademark infringement and unfair competition;

5.     That, in addition to being ordered to pay its profits attributable to the infringing conduct complained of herein to The Boiling Crab, Defendant also be ordered to pay its infringing profits as monetary damages and reasonable royalties, to be increased by the Court by such amount as the Court deems to be just, together with The Boiling Crab's damages, all of which, according

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Dated: February 1, 2019.                    Respectfully submitted,

                                            _____
                                            Terry M. Sanks
                                            Florida Bar No.: 0154430
                                            BEUSSE WOLTER SANKS & MAIRE, PLLC
                                            390 N. Orange Avenue, Suite 2500
                                            Orlando, Florida 32801
                                            Telephone:   (407) 926-7700
                                            Facsimile:   (407) 926-7720
                                            E-mail: tsanks@bwsmiplaw.com


                                            Steven E. Klein
                                            Oregon Bar No. 051165 (pro hac vice pending)
                                            DAVIS WRIGHT TREMAINE LLP
                                            1300 SW Fifth Avenue, Suite 2400
                                            Portland, Oregon 97201
                                            Telephone:   (503) 241-2300
                                            Facsimile:   (503) 778-5299

                                            *Attorneys for Plaintiff Boiling Crab Franchise
                                            Company LLC*

Page 19 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4815-2944-2438v.1 0095014-000018